

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# In Re: Charles

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Charles " (2005). *2005 Decisions*. Paper 732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-79                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-2096
_____

IN RE: WAYNE CHARLES,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the Virgin Islands
(Related to D.V.I. Civ. No. 00-cv-00072)

_____

Submitted Under Rule 21, Fed. R. App. P.
April 29, 2005
Before:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES.

(Filed: August 4, 2005)
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Wayne Charles seeks a writ of mandamus to compel the

District Court for the Virgin Islands to act in the proceedings on his motion filed

pursuant to 28 U.S.C. § 2255.  Charles filed his motion on June 7, 2000; he later

amended the motion on April 22, 2003, and he also filed motions for summary judgment.

Mandamus is an appropriate remedy only in the most extraordinary of

situations.  In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994).  To justify such a

remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).[1]

Charles's action in District Court was pending at the time he filed this mandamus petition in April 2005. However, the District Court denied Charles's section 2255 motion and other pending motions by memorandum opinion and order entered July 28, 2005. Thus, the matter before us is now moot.

Accordingly, we will deny the petition for a writ of mandamus.

---

[1] To the extent that Charles asks this Court to grant substantive relief with respect to his section 2255 motion, we conclude that his contentions may be asserted in an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (mandamus is not an alternative to an appeal).